## In the Court of Common Pleas of Schuylkill County.

BOROUGH OF POTTSVILLE v. SAFE DEPOSIT BANK, Administrator of Chas. W. Pitman, deceased, owner or reputed owner, &c.

A municipal claim for curbing or paving, filed against the administrator of a decedent, owner or reputed owner or whoever may be the owner, and describing the lot or lots against which the lien is claimed, is a sufficient designation of the ownership of the premises.

The non-apportionment of such a claim is not ground for striking it from the docket.

Rule to show Cause why the above Municipal Lien, and all

proceedings under it, should not be stricken off, for matter appearing on the record.

Opinion delivered Feb. 23, 1875, by

Pershing, P. J. The municipal lien in this case was filed under the authority vested in the town council of the borough of Pottsville, by an Act of Assembly passed the 11th day of April, 1859, which provides "that in all cases where the owner, tenant or occupier of lots in the said borough, in front of which the side-walks are not paved or curbed, shall neglect or refuse to pave and curb the same within sixty days after notice given to such owner, tenant or occupier, the town council may have said sidewalks paved and curbed, and the expense thereof shall be a lien upon the lot in front of which the same may be done, until paid, and the amount thereof, with legal interest may be collected as mechanics' liens are collected under existing laws." By a supplement to this legislation passed March 6, 1860, the borough may recover in addition to the cost of the work twenty per cent. in the manner prescribed in the act of 1859.

Two reasons were assigned on the argument in support of the rule : First, that the lien is filed against the administrator of C. W. Pitman, deceased ; and second, that it is not properly apportioned on the property.

In the filing of mechanics' liens, the apportionment of a claim between two or more buildings, is provided for by statute. If the lien be filed against one of the buildings for an improper proportion, it can be adjusted by a jury on a trial on the *scire facias* under the direction of the court; 1 Har. 170. Under the mechanics' lien law where a claim is filed against two or more buildings owned by the same person, a failure to apportion it has the effect of postponing it "to the other lien creditors." See sec. 13, act of 1836. I can find no case where a mechanics' lien was stricken off because not apportioned ; and as the statute under which this municipal lien was entered is silent as to apportionment of a claim for paving and curbing, the not doing what the law does not require, can furnish no ground for our striking off the claim as filed.

Nor do we think we are required to strike off this lien because it is entered against the administrator of C. W. Pitman, deceased. It is the land that is proceeded against, and it is no defence that the defendant is not the owner. County v. Price, District Court, 1847 ; 6 Casey, 63.

The proceeding is, in fact, against the lot or *in rem*. 1 H. 247. In Northern Liberties v. Coates' heirs, 3 Harris, 245, it is decided that "a municipal claim for laying iron pipe, filed against heirs of John Coates, deceased, owner or reputed owner, or whoever may be owner, and describing the real estate against which it is claimed as a lien, is a sufficient designation of the ownership of the premises." The court below or-

dered the writ of *scire facias* to be quashed, and the lien of the claim to be stricken from the record, for the reason that "the term heirs of John Coates, deceased, designates nobody." This action was reversed by the Supreme Court as will be seen by reference to the case. Mr. Justice Coulter says : "The act of Assembly of 22d April, 1846, section 23, would seem sufficiently to cover the proceeding." This section may be found in Purd. Dig. page 1371, pl. 99. It provides that "where any person shall hereafter die, leaving real or personal estate, which, by the existing laws of this Commonwealth, is subject to taxation for State or county purposes, such property, so long as the same shall belong to the estate of such deceased person, may be taxed in the name of the decedent, or in the name of his administrator or administrators, executor or executors, or his heirs generally, or in the name of any of the administrators, executors or heirs; and in taxing it in the names of the executors, administrators or heirs, it shall not be necessary to designate them by their christian or surnames," &c.

If this section will cover the proceeding where the ownership is laid in the "heirs" of a decedent, it requires no argument to show that it will equally apply where the ownership is laid in the administrator of a deceased owner.

In view of other applications of this kind, we may say that the striking from the docket of this claim, would not extinguish the lien against the property. That is given by the statute, and continues until the expense incurred in curbing or paving is paid. It is necessary to file the claim as the first step toward the enforcement of the remedy for collection. If the first one is defective, another and another may be filed, and no prior one can be pleaded against the last.

The municipal lien in this case, deriving its vitality from the act of 1859, is independent of any claim filed, which is but the mode of giving it fruitful effect, and is not affected, like mechanics' liens, by the running of time. Payment, and that alone, will extinguish it, and release the property bound from its grasp. See Bournonville v. Goodall, 10 Barr. 133.

And now, February 23d, 1875, rule discharged.